court this morning. I understand we have a group here from the William & Mary Law School, so we're glad to have you. And when we finish argument in our second case, we'll adjourn court and then we'll stay here for a short period if you'd like to talk with us. So with that, we'll hear argument in our second case, United States v. Robertson. Mr. Groen, we'll be glad to hear from you. Your Honor, may it please the court. I represent Christopher Robertson. This was truly a protracted litigation resulting from one indictment, two superseding indictments that actually charged felony possession count for which he was convicted at a trial, received 30 months sentence, several Hobbs Act related charges, including the conspiracy, two attempted robberies, and 11 completed robberies, which he received 210 months, and eight firearm brandishing counts, two of which were dismissed at trial. The other six resulted in convictions and he received 42 years in sentence for a total sentence of 62 years. The trial of Mr. Robertson, or the trials of Mr. Robertson, were actually three separate trials, counting two attorneys, two judges. His first appearance was actually on June 8th of 2018. His sentencing was on August 12th, 2021. And the trial which resulted in the Hobbs Act convictions was actually took place on March the 1st, 2021. First trial held in the Eastern District of Virginia, right after the COVID restrictions ended. This appeal raises five issues. Some of them have two sub-issues. Some of them are more important to me. Some of them are more important to you. And I'm sure I'm not the only one. Quite frankly, the ones that are more important to Mr. Robertson and me are the ones that drive the sentence. So the first issue is a denial- Were you trial counsel? I was trial counsel for the trials that resulted in the convictions. There was another trial counsel for the first trial that resulted in the mistrial. Ms. Beshar for the United States was not trial counsel. Mr. Hurt for the government who's out there in the audience was a trial counsel along with Mr. Wilson. So I was the trial counsel for both the felon in possession count, which was centered on Mr. Robertson's motion. That was on March the 3rd, I believe, 2020. In view of the time, you may want to move directly into the merits of the issue. Yes, sir. There are five different issues. I'm not going to- Why don't you start with your best one? I will try to do that. I had actually had a long brief with the Fourth Circuit one time, and they told me it was too long. And they told me, keep it to 50 pages. And I asked the court to get the best 50, but they told me, no, you got to do it. So I'm going to get the best issue. The best issue, I believe, are actually two. The issue, actually three, the speedy trial violation. The government claims that- All right. Start by explaining why you didn't waive it by statute for failing to dismiss the indictment. Because the short answer is because under COVID, there was no case law saying that COVID-19- What we've said is to raise a Speedy Trial Act claim on appeal, you must file a motion to dismiss the indictment before the district court. That is correct. That is set a law, and I never did that. So that's not just forfeiture. We don't review it for plain error. We don't review it at all. That's like an unreviewable claim. It's waiver. It's not plain error. It's not anything else. It's waiver. That's in the statute. It's not just a language. All right. So what's our next best argument? The stipulations, Your Honor. Actually, that's the last. The second best argument is this. The instructions that were given to the court, which were not objected, so the review would be by plain error. The instructions that were given to the court were confusing and they were actually misleading to some extent. And I can go through the instructions specifically. In this case... Tell me what was not... I mean, listen, maybe they're confusing, but that's not a plain error argument, right? You got to tell me why it is like plainly erroneous. That means contrary to law and not just contrary to law, but plainly so. I will attempt to do that, Your Honor. Judge Richardson, in this case, the defendant was charged with a Hobbs Act conspiracy as a principle with two attempted robberies as a Pinkerton liability principle and with, I believe, 11 completed robberies also under Pinkerton liability. All those charges arise from the same statute. Is it accurate in the record that the instructions were jointly proposed? That is correct. It's not just a matter of objecting to instructions, but you asked the court to adopt? They were jointly submitted, Your Honor, and that's the reason... Why isn't that an invited error situation if there is an error? Because it would be plain error, I believe. And because, Your Honor, Judge Keenan, it affects the substantial rights of... It was error, it was plain, and it affects prejudice, Mr. Robertson, and it affects the substantial rights. And under the standards actually imposed by this court in Hastings and Said, and actually by the Supreme Court in Orlando, this court can actually go and correct the error and exercise its discretion based upon the entire record. And if I may, the confusion in this case is that the law had changed. So the instructions for finding liability under the Hobbs Act, 18 U.S.C. 1951, is actually the same. It doesn't matter whether somebody conspires to interfere commerce by robber, or does it, or attempts to do it. It's the same thing. The person is guilty. If there is any evidence beyond a reasonable doubt, the person is guilty. The law has whittled down a little bit. So now the courts have said, well, that is true. You're guilty of the Hobbs Act violation, whether it's one of the three, or each one of the three. However, in order for that Hobbs Act violation, it needs to be a crime of violence. And conspiracy to commit robbery by interference with commerce, it's not a crime of violence anymore. Attempt to commit robbery by interference with commerce, it's not a crime of violence anymore. The only one left, it's the actually completed robbery. And the instructions, which were jointly submitted to Judge Keenan, the instructions actually do not make a difference as to the 924C charges that they need to find a crime of violence. The court actually attempted to do that. And instruction number 54, I believe, where the court says, you know, by the way, the government indicted this case. And if you look at the indictment, were the attempts and conspiracy charges used as predicates for 924Cs? No. Actually, two of the attempts were used as predicates. And they were dismissed at trial. Actually, one of them was dismissed at trial. The other one was dismissed, I believe, before trial. And one at trial, another one was dismissed because the fellow testified that it was a But his only convictions for 924C were predicated on actual robbery. That is correct. That is correct. And the court actually, at instruction number 54, attempts to say that only those six convictions or only those six charges underline what is a crime of violence. The judge said, you have to go, you have to have robberies. Robberies are defined in instruction 44. Also, instruction 44 says that an attempt to take could be a robbery. Then in instruction 55, the one subsequent to instruction 54, the jury instruction tells them that all the substantive Hobbs Act counts are crimes of violence. Counts 1 through 13, which includes the two attempts, and 16 are crimes of violence. They're not any. Attempted use or threatened use of physical force is a crime of violence. That's not correct. Use of physical force is a crime of violence. Attempted use is not. And you, excuse me, sir, but yes, ma'am. But you presented these to the court to be read to the jury, didn't you? You and the government? We jointly presented. Yes, ma'am. We totally presented. Okay. I mean, it just seems to me that you're putting in the trial judge in a really unfair position. I mean, here you're standing by these instructions in front of the trial court, and now you're saying they were so defective that pretty much anybody who knows anything about the law would have been able to discover this. Well, how can you have it both ways? Well, what I'm saying, your honor, with all the respect is that the law changed so fast that it was difficult to keep up with it. And I'm also saying that unlike the Simmons case, which was decided by this court about waiver by a jointly submitted instruction, which merely dealt with Pinkerton liability theory, this is a different matter where the government uses predicate for the 924C conduct, which was actually one of three prohibited conducts under the statute, where in fact only one can actually stand as a crime of life. How do you get to the miscarriage of justice component of the analysis when you have a co-defendant in this case testifying, essentially delivering this That is correct. We had several co-defendants testifying. There was somebody testifying as to this defendant, Mr. Robertson's participation, as to each robbery. So how do you have a miscarriage of justice here? Well, that co-defendant, and I know that this is an argument that I'm swimming upstream against because I've lost it twice. I lost it with the jury and I lost it on the Rule 39. But I submit respectfully that that co-defendant's testimony was completely devoid of any detail to substantiate the parallelment of the offense of robbery. Right. But on appeal, we can't reweigh the credibility of the witnesses. That is correct, Judge Agee. And I'm not asking you to retry the case as to the testimony of that co-defendant, or I guess, although I raised the issue, I abandoned it with Judge Richardson told me go to the best ones, as to the sufficiency of the evidence. You may want to stick with that thought. Yes, sir. But that insufficiency perhaps can actually require, if it was my error or my error, which actually come back on a 2255 at some point in time, I probably will. And then it will be another analysis. I don't want to belabor this, but let me just ask. So I'm having a little trouble understanding because count 14, which is the first of these 924C counts, specifies that it's only talking about the robbery at a particular location. So there's no question that it is a robbery, right? It's not that this is an attempt or a conspiracy, right? It is the robbery in this one, the Shell gas station, right? On December the 6th. So count 14 is this specific example, and that is a robbery, not an attempt. Yes, Your Honor. However, what happens is this, and I'm sure that the government is going to argue that these attempts were submitted to the court as the robberies. But the indictment, all the indictments charge the same language, whether it's an attempt or a convict or a concluded robbery, they charge the same language. The special verdict form, which is different than Gillespie and Gillespie, I'm sorry, I run if I can finish. Finish your answer, please. Yes, sir. In Gillespie, there were 27 pages of verdict forms, and here there were much less. The special verdict forms also describe the offense as interference by commerce, interference by commerce by robbery. And I will argue later on, we weren't even had to prove the stipulation issue was actually waived by the court saying, you have to stipulate to what the first lawyer stipulated. So the government doesn't even need to prove nexus. So the indictment reads doesn't differentiate between robbery and attempted robbery. Special verdict form doesn't differentiate between robbery and attempted robbery, and none of the instructions do. Thank you, and I will reserve my time. You've got some rebuttal time. Ms. Beppara, did I pronounce that correctly? Good morning, and may it please the court, Jacqueline Bechara for the United States. I'll take my friend's arguments in turn. To begin, the speedy trial claim is waived under this court's precedent in Mostellar and under the statutory language. Can you pull the mic a little bit closer to you or speak up just a little bit louder? Yes. Judge Kanan, can you hear me all right? Yes, thank you. Okay, I've had trouble over the Zoom and the mic, so thank you. All right. The speedy trial claim is waived under 3162 A2 and Mostellar. Just for the court's frame of reference, my friend suggested that there was no case law on point because the COVID-19 pandemic was, of course, a novel emergency. But I'll note that plenty of defendants in the Eastern District of Virginia properly moved to dismiss their indictments before trial based on speedy trial delays resulting from the COVID-19 general orders continuing cases. We have multiple appeals pending where those claims were properly preserved by a motion to dismiss to the extent the court is concerned about that. I'll turn next to the instructional error. As both Judge Kanan and Judge Agee observed, any error here was invited because the defendant joined in the jointly proposed jury instructions. And I'll note my colleague suggested that the law was sort of in flux because of this court's decision in Taylor. I don't think that's the correct way to characterize what happened here because, just for reference, the court decided Taylor on October 14, 2020. The parties jointly proposed initially their joint instructions on November 3, 2020, which was after Taylor. And again, they resubmitted jointly proposed jury instructions on February 11, 2021. In other words, there was plenty of time to assess the ramifications of Taylor. So under this court's precedent in both Simmons and Mathis, this error was invited. And I'll just note that the court's concern in both of those cases was that the defendant, or at least counsel, had an opportunity to correct the error before it occurred, right, to bring it to the trial court's attention. As Judge Kanan, you noted, this is somewhat unfair to the trial court to be objecting to the error at this late stage. And given the multiple instances in which the instructions were proposed, there was also an opportunity to object, of course, at trial. After the charge was given to the jury, defense counsel did note for the court that instruction 42 still improperly listed counts 17 and 19 and asked the court to strike those counts, but otherwise said, quote, the instructions are adequate. So this is a clear instance of invited error. Even if the court reviews for plain error, as Judge Richardson observed, the defendant simply cannot establish that any plain error affected his substantial rights. Mere uncertainty as to which theory the jury relied on is insufficient. We know that from cases like Ali. The defendant must show that any error in the instructions actually resulted in his conviction. I don't want to belabor the point, but I'll just highlight a few specific instructions. So it included a chart which distinguished between count six and 10, which were attempts, and then the remaining robberies, which were completed robberies. Instruction 46 properly defined robbery as the unlawful taking or obtaining a property of another. Instruction 54 told the jury that the underlying crimes of violence. To rub those, like when I read the indictment in count six, as your colleagues have guessed, it says that the defendant did unlawfully take and obtain property, right? So it's not an attempt, is what I'm saying, right? It doesn't describe that as an attempt. So all of the robberies, so counts two to 13 and 16, charge that the defendant did obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce. So the government permissibly charged conjunctively and simply proved those two counts, count six and 10, in the disjunctive. But it doesn't actually do that, right? Because it then says in that the defendant did unlawfully take and obtain property, right? So that's not an attempt, right? They did actually take it. So I mean, if I was reading that, I would think that's an actual robbery, not an attempt. Help me understand, why do I read the indictment? I mean, I don't, I'm not sure all this matters given the posture we're in, but it is a little, I mean, your colleague has a point. It is a little confusing that you've charged an attempt by saying, did unlawfully take and obtain property. I didn't say, I mean, you know, you can charge in the conjunctive, the defendant did unlawfully take and obtain property and attempt to do so by obtaining United States currency. You could have charged in the conjunctive. So I understood that the attempt to obstruct, delay, and affect commerce sort of carry over, but I understand the court's concern. I think the rest of the jury instructions, of course, the court reviews the instructions on the record and the special verdict form altogether. So that alleviates, certainly on plain error review, any basis for relief here. The last thing I'll note, as far as the instructions, I'll just add there was overwhelming and uncontested evidence that the robberies that served as the predicates for the offenses were completed based on the testimony of co-defendants, the testimony of employees at each of the businesses that were robbed, and the video surveillance evidence. Unless the court has any further questions for me, we'll rest on our briefs. Thank you. Judge Keenan, do you have anything else? No, thank you. All right, thank you very much. Mr. Groom, you've got some rebuttal time. I'll try to be brief. As to the question Judge Richardson asked, he is absolutely correct. Count 10 is charged the same way. So later on, when the government says in their brief, and the court says these are submitted as attempts, maybe they're submitted as attempts, that may be an amendment, an improper amendment of the indictment. Did you object to that or raise that before us? It's a constructive amendment argument. Right, because you jointly proposed the instructions that it is an attempt. I did. Well, actually, I jointly proposed the instructions that were given. The indictment charges a completed robbery on both of the attempts, counts 6 and 10. And those attempts are not crimes of violence. And when the instruction says that they're crimes of violence, that is error. Whether it's plain error or not, I submit that it's plain error. But neither 6 nor 10 serve as predicates for 924C. That is correct. In other words, they were not given any binding instructions for them. But the jury could have believed, in this case, that... But why would it matter if the jury believed that 6 and 10 are crimes of violence, right, where they're not predicates for 924C? For this reason, Judge, if I may, because the jury may believe that since attempts are crimes of violence, it doesn't matter whether it's a completed crime of violence or not. If it's charged and if even it's an attempt, we have to convict because it's a crime of violence. In other words, if they had been given... But the other 1951 Hobbs Act robberies were charged as robberies and charged to the jury as robberies, not attempts. That is correct. That is correct. And the Hobbs Act was actually charged as a conspiracy to commit, to interfere. And if you look at the verdict form, it says interference of commerce by robbery. It doesn't say interference of commerce by attempted robbery. Later on, when the description of the place and the date is given, it says attempt. I'm not sure that anybody can make a difference of that because we're telling you it's the same thing, telling you it doesn't matter. And it's telling you it's interference of robbery by commerce, by robbery. And then the last argument I want to raise to the court is during the first trial, which was a couple of years earlier, and I was not the lawyer for that, it resulted in a mistrial. At that trial, which was all the Hobbs Act counts, all the gun counts and the felon in possession, prior counsel raised the stipulation and reached a stipulation with the government saying, we stipulate to all these things. At this current trial, last year, two years ago, where we are actually arguing now, that resulted in all the sentences, Mr. Robertson indicated he did not wish to stipulate to interstate nexus. We objected to that stipulation. The government asked the court to enforce the previous stipulation under a different lawyer of a different case, but two years earlier, the judge agreed and enforced that stipulation saying, once you stipulate, you got to stipulate. It's not an important part. It's something that is not an issue. Well, it is an issue. Any robbery across the street, unless there is interstate commerce or foreign commerce involved, is actually strictly a state matter. Here, and it will not... You pointed to the capital and the legislature. Well, I pointed to the... I jumped over the federal courtroom to the courthouse, so I'm going on the other side. So any robbery of an individual of money, not of drugs, because of drugs will bring me here, but of money, it's actually state. And if I have a gun, I will go to the state court with a charge with a felon in possession or a gun charge, but not the federal court. I submit to the court that it was an abuse of discretion of the district court judge to actually force that stipulation upon Mr. Robertson, where it actually, in essence, guarantees federal prosecution. The government has charged this as an interference with commerce, commerce that actually interstate commerce. And by being relieved of showing that nexus, which Mr. Robertson duly and properly objected to, it basically makes the witnesses that Judge Keenan was talking about that didn't really remember much, all they were... She's talking about Mr. Ellison. He was showing a picture. There's a guy with a mask and a gun. Oh, yeah, that's me. That's my mask. That's my gun. What do you do? I rob the clerk. He didn't remember date. He didn't remember places. He didn't remember money taken. He didn't remember much. Once they don't need to show, bring a witness who was robbed. So what did you tell the trial court was the error in terms of the stipulation? That we objected to that stipulation and that we require that Mr. Robertson require a factual witness to come over and say that whatever that business is, sold bubble gum or sold gas, that all those travel in interstate commerce and did affect commerce. Because the indictment and the instructions and the verdict form says, our cases seem to indicate that you'd have to argue on stipulations that there was either a manifest injustice or a mistake of law. And I don't think that appeared in your brief. Well, Judge, under the Lentz case, which the district court relied on and so did the government, was a stipulation on the same charges that had been tried before. This case is a different matter. We objected to the stipulation. We actually require the government to prove that the judge denied our motion. And then we signed the stipulation because the trial was about to commence. There was nothing else we could do. So I think the manifest injustice as a result. Thank you. All right. Thank you very much. We appreciate the argument of counsel. Mr. Brown, we particularly want to thank you because we know you are court appointed and if there were not individual counsel like you who would agree to undertake those tasks, we could not perform our function and could not render justice. And we particularly appreciate your agreeing to act in that capacity.
judges: G. Steven Agee, Julius N. Richardson, Barbara Milano Keenan